IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Submitted On Brief March 21, 2001 Session

## LESLIE C. CROSSETT, ET AL. v. ROY E. FULLER, ET AL.

**Direct Appeal from the Chancery Court for Carroll County**
**No. 97CV-153      Ron E. Harmon, Chancellor**

_____

**No. W2000-02482-COA-R3-CV - Filed July 19, 2001**

_____

This is an appeal from a boundary dispute. The property in dispute is a roadway used by both parties to access their properties. The trial court determined the common boundary line, provided the Crossetts with an easement for ingress and egress, and awarded the Fullers their costs. The Crossetts appeal. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS and HOLLY K. LILLARD, J.J., joined.

W. Collins Bonds, Milan, Tennessee, for the appellants, Leslie C. Crossett and wife, Wanda L. Crossett and Harold Crossett, Leslie Crossett and Bobby Crossett as Trustees of the Crossett Trust.

Dwayne D. Maddox, III, Huntingdon, Tennessee, for the appellees, Roy E. Fuller and wife, Louise B. Fuller.

## OPINION

Leslie Crossett (Mr. Crossett) and his wife, Wanda L. Crossett (Mrs. Crossett, collectively, the Crossetts), filed a complaint against Roy Fuller (Mr. Fuller) and his wife, Louise B. Fuller (Mrs. Fuller, collectively the Fullers), seeking to establish the disputed boundary between the properties of the respective parties. The Fullers filed an answer, counter-complaint, and third-party complaint, acknowledging that a dispute existed between the parties as to the location of the common boundary. In their counter-complaint, the Fullers sought damages for trespass in an amount not to exceed $25,000.[1] Their third-party complaint alleged that Harold Crossett, Leslie Crossett, and Bobby Crossett as Trustees of the Crossett Trust should be made parties to this action.

_____

[1]While the Fullers' complaint sought damages for trespass, no evidence of damages was introduced at trial for the trial court's consideration. Additionally, the parties do not raise an issue regarding trespass or damages on appeal.

The Crossetts, and Harold Crossett, Leslie Crossett, and Bobby Crossett as Trustees of the Crossett Trust, moved to dismiss the counter-complaint and third-party complaint. The trial court denied said motion to dismiss by order dated December 16, 1999.

The Crossetts, the Crossett Trust, and the Fullers own contiguous tracts of land in Carroll County, Tennessee. The Crossetts own a 5.9 acre tract of land which is bordered on the south by Highway 77, on the west and north by Joe David Brandon (Mr. Brandon), and on the east by the Fullers. There is a road running in a northerly direction from Highway 77 which is used by the Crossetts to access their driveway and which is also used by the Fullers.

The Fullers introduced into evidence trial exhibit 11, which is a warranty deed, purporting to show that the Fullers own the roadway. The deed provides as follows:

> BEGINNING at a stake in the north margin of Hwy # 77, the same being one rod east of the east line of the Herbert Crossett land and being one rod east of his southeast corner; thence with the east line of the 1 pole right of way north 2½ degrees west 195 poles to a stake 1 rod east of Crossett's east line; thence north 86½ degrees east with the Vernon Fuller line 22 rods and 6 feet to a stake; thence north 2½ degrees west with the west line of the Vernon Fuller tract 66 rods to a stake; thence south 86½ degrees west 23 rods 6 feet to a stake in the east line of the Crossett land; thence south 2½ degrees east with the east line of the Crossett land 261 rods to a stake in the north margin of the right of way of Hwy. # 77; thence with the north margin of the right of way of said highway east 1 rod to the point of beginning and containing 10 acres, the same more or less.

The Crossetts contend that the road provided for in the Fullers' deed is not the same as the roadway which is the subject of this dispute. Instead, the Crossetts argue that the roadway in dispute is that road shown on the 1926 highway survey.

A roadway is mentioned in the deed for the Crossetts' property. That deed provides as follows:

> BEGINNING at a stake the Southeast corner of a tract deeded to Herbert Crossett on on [sic] November 5, 1949, by Ola Crossett and runs South with roadway 45 1/3 poles to a stake, the original Southeast corner of Ola Crossett farm; thence west 20 9/10 poles with the south line of the original tract to a stake, the southeast corner of tract deeded to Elsie Alta Brandon on November 5, 1949 by Ola Crossett; thence North 45 1/3 poles to stake in Herbert Crossett's south line; Thence East with Crossett's south line (Tract deeded November 5, 1949 by Ola Crossett) 20 9/10 poles to the beginning, containing by estimation 5.9 acres, more or less.

The Crossetts contend that the roadway mentioned in their deed is the road which is the focus of this dispute.

The Crossetts hired Tony Reasons (Mr. Reasons), a civil engineer and land surveyor, to survey their property in anticipation of selling some of it in 1997. Mr. Reasons determined that there was an old roadbed which was fairly well defined in places and which was bordered on both the east and west side with fencing. Using the deed call of 1682.29 feet, Mr. Reasons went east the distance called for and found one pin with another pin being 16 ½ feet further east. The pins corresponded to those mentioned in older deeds. Additionally, Mr. Reasons found a rock to be in a straight line with the Crossetts' southeast corner. Mr. Reasons also found a car jack 16 ½ feet east of what appeared to be an apparent line. Mr. Reasons stated that, in his opinion, the roadway described in the Fuller deed was clearly located on the Fullers' property.

The Crossetts also hired Frank Coley (Mr. Coley), a licensed surveyor, to survey their property. Mr. Coley began at a rock referenced in Mr. Fuller's predecessor's deed and surveyed all of the physical evidence such as fences and iron pins. Mr. Coley located the original fence lines running north and south in the Crossett Trust property and some iron pins. He determined that the distances between the fence lines corresponded with the Crossetts' deeds. Mr. Coley did not find any other natural monuments other than the rock. Mr. Coley noted that if you ran a line in a southerly direction from the angle iron located on the east side of the gravel road coming off of Highway 77, the Crossett line moves toward the center of the gravel road and reaches the center of the road at the point where the gravel road intersects Highway 77. Mr. Coley further noted that the road he located ran with the Crossetts' boundary lines.

After hearing testimony from the parties, the surveyors, and other witnesses, the trial court determined the common boundary line between the parties:

> the rock in the southern portion that's shown on Exhibit 21 (survey by Tony M. Reasons), will be the starting point to determine the boundary line. The line will extend straight to the northern most property that is in dispute that would be the northeast corner of the 97.56 acre tract shown on Exhibit 21. The line will intersect the base of a tree shown in Exhibit 10(photograph). I have chosen the tree because the pin is no longer there. This is approximately 16.5 feet west of the car jack, and, as I said, will extend in a straight line to the northern most portion of the property in dispute.

Further, the court found that the Crossetts should have an easement for ingress and egress that runs with the land beginning at Highway 77 and extending north to the northern most edge of Mr. and Mrs. Crossett's land.

Subsequent from the entry of judgment, the Fullers filed a motion for discretionary costs. The trial court awarded the Fullers their discretionary costs with the exception of a $10.92 charge for photographs.

The Crossetts bring this appeal, raising the following issues, as we perceive them, for this court's review:

1.      Whether the evidence preponderated against the trial court's finding regarding the common boundary line location.

2.      Whether the trial court erred in awarding the Fullers their discretionary costs in excess of the costs associated with their expert's testifying at trial.

Because this matter was tried before the court sitting without a jury, our review of the trial court's findings of fact is *de novo* with a presumption of correctness, unless the preponderance of the evidence is otherwise.  *See* Tenn. R. App. P. 13(d).  As the issues regard questions of law, our review is *de novo* with no presumption of correctness.  *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); Tenn. R. App. P. 13(d).  Our *de novo* review is tempered by the fact that the trial court is in the best position to assess the credibility of the witnesses and such determinations are afforded great weight on appeal.  *See Massengale v. Massengale*, 915 S.W.2d 818, 819 (Tenn. Ct. App. 1995).  On issues regarding the credibility of witnesses, the trial court will not be reversed unless there is clear and convincing evidence to the contrary.  *See Tennessee Valley Kaolin Corp. v. Perry*, 526 S.W.2d 488, 490 (Tenn. Ct. App. 1974).

As regards the court's determination of the common boundary line of the parties, after a thorough review of the record, we have determined that the evidence does not preponderate against the trial court's boundary line determination.  Accordingly, we affirm the trial court's common boundary line determination.

Rule 54.04 of the Tennessee Rules of Civil Procedure provides for costs allowable to the prevailing party.  Rule 54.04 (2) states, in pertinent part,

> Costs not included in the bill of costs prepared by the clerk are allowable only in the court's discretion.  Discretionary costs allowable are: reasonable and necessary court reporter expenses for depositions or trials, reasonable and necessary expert witness fees for depositions or trials . . . ; travel expenses are not allowable discretionary costs.

Tenn. R. Civ. P. 54.04(2).

In their brief, the Crossetts claim that the trial court erred in awarding as discretionary costs all of the charges of Mr. Reasons, the Fullers' expert witness, because "said charges include more tha[n] the charges made for appearing and testifying in the trial of this matter . . . ."  In their motion for discretionary costs, the Fullers listed as total costs and expenses incurred through the trial, $1,611.42, which included court reporter costs, costs for service of process, expert witness fees, and costs of photographs.  Regarding Mr. Reasons's fees, the Fullers' affidavit of attorney and verified bill of discretionary costs states: "The costs and expenses incurred by defendants Fuller through the trial include the following: . . . Reasons Engineering and Associates (expert witness) 500.00."  In response to the Crossetts' claim that the costs associated with Mr. Reasons included more than those for appearing and testifying at trial, the Fullers, in their appellees' brief, stated, "No where in the

record does it reflect that these charges were for anything else." We must agree. The Crossetts make a blanket allegation that the costs associated with Mr. Reasons were for more than appearing and testifying at trial, yet they do not provide this court with any cites to the record to support their allegation. Accordingly, based upon the foregoing and the language in Rule 54.04(2), we find that the trial court did not abuse its discretion in awarding the Fullers their trial costs with the exception of the costs of the photographs, as such cost is not allowable pursuant to said Rule.

For the foregoing reasons, we affirm the trial court's judgment in all respects. Costs of this appeal are taxed to the Appellants, Leslie C. Crossett and wife, Wanda L. Crossett, and Harold Crossett, Leslie Crossett and Bobby Crossett as Trustees of the Crossett Trust, and their surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE