IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 10, 2002 Session

## CAROLINE ELIZABETH SMITH v. MARK O. SMITH

**Direct Appeal from the General Sessions Court for Sumner County**
**No. 2509-G     Barry R. Brown, Judge**

_____

**No.  M2001-00689-COA-R3-CV - Filed May 16, 2002**

_____

This is an appeal by appellant Caroline Elizabeth Smith from an order of the trial court which provided that the custody of the minor children of Caroline Elizabeth Smith and Mark O. Smith shall remain in the custody of Mark O. Smith.  We affirm the trial court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the General Sessions Court Affirmed and Remanded**

IRVIN H. KILCREASE, JR., Sp. J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, J J., joined.

Gary M. Williams, Hendersonville, Tennessee, for the appellant, Caroline Elizabeth Smith.

Michael W. Edwards, Hendersonville, Tennessee, for the appellee, Mark O. Smith.

## OPINION

Background

        This appeal involves a petition for change of custody of two (2) minor children, Jessica Anne Smith, born March 11, 1985, and Sarah Jayne Smith, born September 10, 1986, from their father, appellee, Mark O. Smith ("Father") to their mother, appellant, Caroline Elizabeth Smith("Mother").

        On June 27, 1996, the Father was granted an absolute divorce from the Mother on the ground of inappropriate marital conduct.  The trial court awarded joint custody of the parties' minor children, Jessica Anne Smith and Sarah Jayne Smith, with primary placement with the Father.

        The provisions of the Final Decree of Divorce restrained both parties from possessing or consuming drugs or alcohol in the presence of the children.

After the divorce from the Father, the Mother married another man and divorced him in October, 1999.

In May, 1999, the Mother moved into the home of the Father and their two (2) daughters. The reason that she returned to the Father's home is disputed. According to the Father, the Mother had surgery in April, 1999. The Father said that he felt it would help the Mother if she moved in with him and their daughters. The Mother testified that she did not know the reason that the Father insisted that she live with him, but her illness was not the reason.

While the Father and Mother lived together, after their divorce, they had an intimate relationship. Further, the Mother assisted with the housekeeping and care of the children. However, the Father was the primary care provider for the children.

On May 5, 2000, the Father was charged with domestic violence based on a complaint filed by the Mother. However, the charge was subsequently dismissed.

On May 23, 2000, the Mother was ordered to move from the Father's home within ten (10) days as a result of a Detainer Warrant filed against her by the Father. However, the Father allowed the Mother an additional ninety (90) days to remain in the home. The Mother moved from the home in August, 2000.

Subsequent to the divorce and while the Father and Mother were living together during the years 1998-1999, the Father drank alcoholic beverages and smoked marijuana. However, the Father denied that he or anyone else used marijuana in the presence of the minor children, Jessica or Sarah, or that he was ever intoxicated in the presence of the children.

The Mother complained that the Father took several trips and left the children with her. However, the Final Decree of Divorce provides that if the Father is in need of a babysitter the wife shall be given the right of first refusal.

Prior to the Smith's divorce, the Father drank alcoholic beverages and smoked marijuana. The trial court in a supplemental order entered on August 8, 1996, issued a "mutual restraining order restraining both parties from allowing anyone who is intoxicated or under the influence of illegal drugs while the minor children are in their care."[sic]

The minor children, Jessica and Sarah, testified that they never saw their father or anyone else intoxicated, under the influence of drugs, or use marijuana in their presence.

The Mother testified that the Father received e-mails on his home computer which contained pornographic material and he would show her this material. However, the Mother participated in this activity by sending humorous pornographic e-mail to the Father. The humorous pornographic e-mails the Father received were from his friends and co-workers. There is no evidence that the children ever saw the humourous pornographic e-mail.

Jessica, a minor child of the parties, is satisfied living with her Father. Sarah, a minor child of the parties, testified that she is satisfied living with her Father, but has no opinion as to whether she wants to live with her Mother or Father.

The trial court, in its order entered on December 27, 2000, found that there had not been a material or substantial change of circumstances in the custodial management and refused to change custody of the parties' minor children from the Father to the Mother.

On March 9, 2001, the Mother filed a Notice of Appeal of the Order of the trial Court.


Standard of Review

This case was tried before the Court without a jury. Child custody cases are reviewed by this court in the same manner as other non-jury civil cases. Bass v. Knighton, 676 S.W. 2d 554, 555 (Tenn. App. 1984). Our review is pursuant to Tenn. R. App. P. 13(d) which provides in pertinent part that review of findings of fact by the trial court in civil actions shall be de novo upon the record of the trial court accompanied by a presumption of the correctness of the finding, unless the preponderance of the evidence is otherwise. No presumption of correctness attaches to the trial court's legal conclusions. Doles v. Doles ,848 S.W. 2d 656, 661 (Tenn. App. 1992); York v. Vulcan Materials Co., 63 S.W. 3d 384, 387 (Tenn Ct. App. 2001).

Our de novo review is also subject to the well-established principle that the trial court is in the best position to assess the credibility of the witnesses; accordingly, such determinations are entitled to great weight on appeal. Thompson v. Adcox, 63 S.W. 3d 783, 787 (Tenn. Ct. App. 2001).


Analysis

The Mother argues that there has been a material change in circumstances affecting the welfare of the children since the Final Decree of Divorce and the supplemental orders of the trial court. Further, the Mother argues that because the alleged change in circumstances, custody of the children should be changed from the Father to her.

The trial court, at a bench trial, considered the testimony of the Mother, the Father, the minor children and the exhibits and concluded that there had not been a material or substantial change in the custody arrangement and declined to change custody from the Father to the Mother.

The Mother's main complaint about the Father's conduct was his use of alcoholic beverages and marijuana. However, the Mother testified that the Father drank alcoholic beverages and used marijuana prior to and after their divorce. Therefore, no change in his conduct has occurred.

The Mother claims she became the primary caretaker of the children when she returned to the home of the Father. The Father claims that he continued to be the primary caretaker of the children while he and the Mother lived together.

The trial judge resolved the issues of credibility of the witnesses in favor of the Father. We defer to the trial judge's determination of the credibility of the witnesses. <u>Massengale v. Massengale</u>, 915 S.W. 2d 818, 819 (Tenn App. 1995)

Our examination of the evidence persuades us to conclude that the evidence preponderates in favor of the trial court's decision that there has not been a material or substantial change of circumstances in the custodial arrangement to warrant a change in custody of the children from the Father to the Mother.

<u>Conclusion</u>

We affirm the judgment of the trial court. This case is remanded to the trial court for such further proceedings as may be necessary. Costs of this appeal are assessed against the appellant Caroline Elizabeth Smith and her surety, for which execution may issue, if necessary.

_____
Irvin H. Kilcrease, Jr., Sp. J.