IN THE COURT OF APPEALS OF TENNESSEE

FILED

October 2, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

REX M. MASSENGALE, SR., ) C/A NO. 03A01-9503-CV-00086

 ) HAMILTON COUNTY CIRCUIT COURT

   Plaintiff-Appellant,)

 )

 )

v. )

 ) HONORABLE ROBERT M. SUMMITT,

 ) JUDGE

 )

 )

AUDREY L. MASSENGALE )

(WILLIAMSON), )

 )

   Defendant-Appellee. ) AFFIRMED AND REMANDED


A. CHRISTIAN LANIER, Chattanooga, for Appellant

PHILLIP A. LAWRENCE of POOLE, LAWRENCE, THORNBURY, STANLEY &
MORGAN, Chattanooga, for Appellee


O P I N I O N


Susano, J.

This is a post-divorce proceeding involving the custody of the parties' one minor child, Rex M. Massengale, Jr., whose date of birth is September 20, 1985. The parties were divorced by the "Final Judgment and Decree" of the Dade County, Georgia, Superior Court entered on October 19, 1993. That document approved and adopted the parties' agreement that the child's custody should be vested with his mother, Audrey L. Williamson[1] (Mother[2]). The instant controversy was initiated by the child's father, Rex M. Massengale, Sr. (Father), on November 16, 1994, not quite 13 months after the divorce, when he filed a petition to change the child's custody. After a bench trial, the trial court dismissed the Father's petition. Father appeals, raising two issues:

> 1. Was there a sufficient change in circumstances to warrant a change in the custody of the parties' child?
>
> 2. Should the trial court have ordered that the parties submit to drug testing?

In order to justify a change in a custodial arrangement, there must be "such a change in circumstances as will directly affect the welfare of the minor." *Dailey v. Dailey*, 635 S.W.2d 391, 393 (Tenn. App. 1981). As in all non-

---

[1]The child's mother married Scott Williamson on November 18, 1994.

[2]Since the issues before us pertain directly to the parties' child, the parties will be referred to in this opinion as "Mother" and "Father."

jury cases, a trial court's determination on this issue is reviewed by us *de novo*; however, the record developed below comes to us accompanied by a presumption of correctness that we must honor unless the evidence preponderates against the findings of fact supporting the lower court's judgment. *Hass v. Knighton*, 676 S.W.2d 554, 555 (Tenn. 1984). In making our *de novo* review, we "do[] not pass on the credibility of witnesses." *Bowman v. Bowman*, 836 S.W.2d 563, 567 (Tenn. App. 1991). "Credibility is an issue for the trial court who saw and heard the witnesses testify and is therefore in the premier position to determine credibility (citation omitted)." *Id.*

We have carefully reviewed the evidence in this case. The testimony of the witnesses tending to support the Father's petition for change of custody was sharply disputed by the testimony of the Mother and the witnesses called by her. These conflicts required the trial judge to evaluate the credibility of the witnesses who appeared before him. He resolved these credibility issues in favor of the Mother. Not having seen these witnesses in person, we are not in a position to say that he was wrong in his assessment of the witnesses' credibility. As we have previously indicated, credibility of the various witnesses is for the trial court.

The main thrust of the Father's petition, although certainly not the only basis, was the Mother's alleged drug use. On this point, the Father relied heavily on the testimony of his son, who expressed his preference that he be allowed to live with his father. The child was nine years old at the time of the

3

hearing. The trial court received the child's testimony regarding his preference although he was not required to do so, given the child's age. *See* T.C.A. § 36-6-102. With respect to the child's testimony on the subject of the Mother's drug use, that testimony was circumstantial in nature. It did not impress the trial judge:

> And he's a smart boy and he knows what to say to try to get custody changed, he's that intelligent and I just couldn't believe everything he said.
>
> I don't think anything happened over there that's been proven by the preponderance of the evidence. I realize that it gets us all excited that we don't want this to happen. If I thought it were happening I certainly would do something and I certainly would charge her not to ever do any of this or stay around anybody like this. This boy is going to be there and he's intelligent but I just can't believe that what he would infer happen did happen without more. I mean all adults are denying, there was no one that came in here that I recall adult that told there was anything improperly going on as far as drugs.

The trial court did not find the child's circumstantial drug use testimony to be credible. We do not know whether it was or not-- we were not present at the hearing. Again, we emphasize that we must defer to Judge Summitt's assessment of credibility.

Considering the importance of credibility in this case, we cannot say that the evidence preponderates against the trial court's findings of fact supporting its conclusion that there had not been a sufficient change in circumstances to justify a change in custody.

4

On the second day of a two-day hearing, Father orally[3] moved the court to enter an order requiring the parties to submit to drug tests at the expense of Father. The trial court denied his request. We do not believe that a sufficient predicate was demonstrated to justify the ordering of drug tests. There was no direct testimony that Mother had used drugs since the parties' divorce. The testimony alluded to by Father to justify drug tests, i.e., Mother's loss of weight, the child's testimony that he found a marijuana-*like* substance in their house, and his testimony that Mother took bags of "sugar like stuff" to a back room, did not require the trial court to order drug tests. Father's motion for drug tests addressed itself to the sound discretion of the trial court. We cannot say that it abused that discretion. *See* Tenn. R. Civ. P. 35; *Cf*. **Walker v. Walker**, 656 S.W.2d 11, 16 (Tenn. App. 1983).

The judgment of the trial court is affirmed. This case is remanded to the court below for the collection of costs assessed there and such other proceedings as may be appropriate, consistent with this opinion. Costs on appeal are taxed to the appellant and his surety.

_____
Charles D. Susano, Jr., J.

CONCUR:

---

[3]The motion was subsequently reduced to writing and filed in the trial court.

_____
Herschel P. Franks, J.


_____
Don T. McMurray, J.