## IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

ROBERT PERRY SANDY
AUSBROOKS, JR.,

      Petitioner/Counter-Respondent/
      Appellee,

v.

BONITA LYN (AUSBROOKS)
MOORE,

      Respondent/Counter-Petitioner/
      Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

FILED

May 21, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

Williamson Chancery No. 20223

Appeal No. 01A01-9803-CH-00114

APPEAL FROM THE CHANCERY COURT OF WILLIAMSON COUNTY
AT FRANKLIN, TENNESSEE

THE HONORABLE HENRY DENMARK BELL, CHANCELLOR

For the Petitioner/Counter-Respondent/
Appellee:

Robert Perry Sandy Ausbrooks, Jr., Pro Se
Baton Rouge, Louisiana

For the Respondent/Counter-Petitioner/
Appellant:

Sidney S. F. Bennett
Nashville, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCURS:

BEN H. CANTRELL, P.J., M.S.

WILLIAM BRYAN CAIN, J.

**OPINION**

This case involves a post-divorce proceeding to modify child support. The husband lost his job and filed a petition to reduce child support. The trial court held the husband's petition in abeyance for a period of time and later reduced the husband's child support obligation retroactive to the filing of the petition. The wife appeals, arguing that the trial court improperly made a retroactive modification of child support. We affirm.

Respondent/Appellant Bonita Lyn Moore ("Wife") and Petitioner/Appellee Robert Perry Sandy Ausbrooks, Jr. ("Husband") were divorced, and on March 30, 1994 Husband was ordered to pay $1,600 per month child support for the parties' three children. At that time, Husband was a regional manager with Allstate Insurance Company ("Allstate") and child support was based upon his income of $6,600 per month. On March 20, 1996, Husband filed a petition to reduce his child support obligation, based on the emancipation of one of the children and a decrease in his income.

The parties dispute the facts regarding Husband's decrease in income. At a hearing on June 18, 1996, Husband testified he was involuntarily laid off from his position at Allstate in July 1995, and that he subsequently formed an independent insurance agency. Wife argued that Husband voluntarily left his position with Allstate to form the independent agency. In an order entered on August 23, 1996, the trial court found that the oldest child had reached the age of majority and set child support at $1,481 per month for the parties' two remaining minor children. The child support award was based on Husband's "prior ability to earn" $6,600 per month. In addition, the trial court held that the issue of reducing child support based on a decrease in Husband's income was "reserved as [it is] considered premature." The trial court noted that "[t]hese items may be addressed in the future by the filing of an amended and supplemental petition, which would relate back to the original petition for possible retroactive application." The trial court declined to award Wife attorney's fees.

On November 25, 1997, Husband filed an amended and supplemental petition to modify child support, alleging a decrease in monthly income greater than fifteen percent. At a hearing on January 14, 1998, Husband again testified that he was involuntarily laid off from his position at Allstate. The record reflects that he received severance benefits from Allstate of $5,794.47 per month until March 1996. The record also indicates that in September 1995, Husband started an independent insurance agency and represented American National Insurance Company ("American National") as an independent agent. Beginning in October 1995, Husband received a monthly advance on commissions of $2,765 from American National; this continued for four months. For

the next two months, Husband received $2,262 per month from American National as a draw against commissions. Subsequently, in March 1996, American National suspended Husband's advances against his commissions. During the period of time in which Husband was receiving from American National advances against commissions, his earned commissions were not sufficient to cover the advances. Consequently, by March 1996, Husband owed American National $13,152.74. At the November hearing, Wife again contended that Husband voluntarily left his position at Allstate and submitted into evidence Husband's contract with American National, dated June 15, 1995. Husband testified that he interviewed with American National in May or June 1995, but did not sign the contract at that time. He testified that he did not put the June 15 date on the contract. At the end of July 1995, he received verbal notice that Allstate would eliminate his job position as part of its reduction in force.

In an order entered February 12, 1998, the trial court held that Father "through no fault of his own" lost his employment in July 1995. In addition, the trial court found, in part:

> [T]hat for the period of time from March 20, 1996, through January, 1998, Father had suffered a significant variance in his income sufficient to warrant a reduction in his child support to $823.00 per month based upon his average earnings of $3,418.00 per month. Accordingly, from the period of March, 1996, through January, 1998, Father's child support shall be retroactively reduced from $1,481.00 per month to $823.00 per month. Said retroactive reduction results in a $658.00 per month credit to Father for 22 months which totals $14,476.00. Father shall receive said credit in the form of a reduction in his current child support in the amount of $658.00 per month for the next 22 months.

From this decision, Wife now appeals.

On appeal, Wife argues that Husband voluntarily left Allstate, resulting in underemployment in contravention of the child support guidelines. Wife contends that the trial court erred in continuing Husband's original petition to reduce child support, erroneously allowed Husband to file a supplemental petition, and improperly ordered a retroactive reduction in child support. Wife also argues that the trial court erred in declining to grant her request for attorney's fees incurred as a result of the petitions and hearings. In addition, Wife seeks attorney's fees for this appeal.

Our review is *de novo* upon the record of the trial court, accompanied by a presumption of correctness of the findings of fact unless the preponderance of the evidence is otherwise. ***See*** Tenn. R. Civ. P. 13(d). Questions of law are reviewed *de novo* with no presumption of correctness. ***See*** ***Carvell v. Bottoms***, 900 S.W.2d 23, 26 (Tenn. 1995).

Wife argues first that the evidence preponderates against the trial court's finding that Husband lost his job with Allstate "through no fault of his own." She maintains that Husband quit his job at Allstate in order to start his own independent insurance agency. In support of her contention, Wife relies on Husband's contract with American National, dated June 15, 1995, over a month before Husband was informed by Allstate that he would be laid off. Husband testified that he interviewed with American National in May or June but that he did not sign the contract at that time. Husband testified that he did not date the contract. He noted that the contract with American National was not effective until September 1, 1995, and that he was not notified of his termination by Allstate until the end of July 1995. In addition, it is undisputed that Husband received a severance package from Allstate. We recognize "the well-established principle that the trial court is in the best position to assess the credibility of the witnesses; accordingly, such determinations are entitled to great weight on appeal." *Quarles v. Shoemaker*, 978 S.W.2d 551, 553 (Tenn. App. 1998) (citing *Massengale v. Massengale*, 915 S.W.2d 818, 819 (Tenn. App. 1995); *Bowman v. Bowman*, 836 S.W.2d 563, 566 (Tenn. App. 1991)). Viewing the record as a whole, the evidence does not preponderate against the trial court's finding that Husband lost his job through no fault of his own. The evidence supports the trial court's conclusion that Husband's job change created a significant variance in his income and warranted a modification in child support.

Wife also argues that the trial court erred in holding open Husband's first petition to modify child support, and, after a second petition was filed, reducing Husband's child support obligation retroactive to the date of the filing of the first petition. Wife maintains that retroactive modification of child support is prohibited, citing *Rutledge v. Barrett*, 802 S.W.2d 604 (Tenn. 1991).

In *Rutledge,* the Court observed that "[r]etroactive modifications are plainly unauthorized; prospective modifications can be made, but only after notice as provided in [Tennessee Code Annotated 36-5-101] subsection (a)(5). Hence, the trial court in this case could not reduce amounts that accrued *prior to the filing* of the father's 1988 cross-petition . . . ." *Id.* at 606 (emphasis added); *see also Pera v. Peterson*, No. 72, 1990 WL 200582, at *2 (Tenn. App. Dec. 14, 1990); *State v. Morris*, 1990 WL 2867 (Tenn. App. Jan. 19, 1990) (citing 87-162 Tenn. Op. Atty. Gen. 3823 (1987)). Tennessee Code Annotated § 36-5-101(a)(5) states in pertinent part:

> Any judgment for child support shall be a judgment entitled to be enforced as any other judgment of a court of this state . . . . Such judgment shall not be subject to

> modification as to any time period or any amounts due prior to the date that an action for modification is *filed* . . . .

Tenn. Code Ann. § 36-5-101(a)(5) (Supp. 1998) (emphasis added). Thus, under the statute, a modification of child support is prohibited if it pertains to a time period prior to the filing of the petition to modify.

In this case, Husband's first petition to modify was filed on March 20, 1996. The trial court's August 23, 1996 order on the first petition left open the issue of modification of child support because the trial court found that the issue was "premature." The trial court's action in holding open this issue was *sua sponte*. It should be noted that the record does not indicate that Husband filed a "prophylactic" petition to modify, that is, a petition filed as a precautionary measure, with the intent that the trial court hear the petition only if and when Husband's income decreased substantially. In March 1996, when the first petition was filed, Husband's severance pay from Allstate and the advancements from American National were scheduled to terminate. Husband owed American National over $13,000 for advances paid in excess of earned commissions. Husband's attorney did not ask the trial court to hold open the issue of modification of child support; the record indicates that both parties expected the issue to be determined at that time. However, at that time, the trial court found that it was unable to determine Husband's future income. Under these circumstances, the trial court's action in holding open Husband's petition to modify child support and later ordering a modification retroactive to the filing of the first petition, while not customary, did not amount to a retroactive modification prohibited by Tennessee Code Annotated § 36-5-101. The decision of the trial court is affirmed.

Wife also appeals the trial court's denial of her request for attorney's fees for the trial. After review of the record, we find that the trial court did not abuse its discretion in declining to award Wife attorney's fees. *See Threadgill v. Threadgill*, 740 S.W.2d 419, 426 (Tenn. App. 1987); *Wright v. Wright*, No. 01A01-9001-CV-00019, 1990 WL 84032, at *5 (Tenn. App. 1990). In addition, pursuant to Tennessee Code Annotated § 36-5-103(c), Wife's request for attorney's fees for this appeal is denied.

The decision of the trial court is affirmed. Costs are assessed against the Appellant, for which execution may issue if necessary.

4

_____HOLLY KIRBY LILLARD, J.

**CONCUR:**

_____
**BEN H. CANTRELL, P.J., M.S.**

_____
**WILLIAM BRYAN CAIN, J.**