# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Submitted On Brief March 21, 2001 Session

## PAUL RANDALL HOLMES v. CHRISTY LYNN HOLMES

**Direct Appeal from the Chancery Court for Chester County**
**No. 9447      Joe C. Morris, Chancellor**

_____

**No. W2000-01759-COA-R3-CV  - Filed June 12, 2001**

_____

This is an appeal from a final decree of absolute divorce in which custody of the parties' minor son was given to the father for the school year and to the mother during the summer months when regular school is not in session.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS and HOLLY K. LILLARD, J.J., joined.

Jesse H. Ford, III, Jackson, Tennessee, for the appellant, Christy Lynn Holmes.

James F. Butler and Lisa A. Houston, Jackson, Tennessee, for the appellee, Paul Randall Holmes.

## MEMORANDUM OPINION[1]

The parties, Paul Randall Holmes (Mr. Holmes) and Christy Lynn Holmes (Ms. Holmes), were married in November of 1991.  They have one child, Dylan Colby Holmes (Colby), who was born in October of 1992.  On April 27, 1999, Mr. Holmes filed for divorce and obtained a temporary restraining order and injunction which restrained and enjoined Ms. Holmes from exposing Colby to people using tobacco products or consuming alcohol; to any relationship with any male person not related to Ms. Holmes by blood or marriage; and from removing any furniture or household goods from the residence.  In June of 1999, Ms. Holmes counterclaimed for divorce.

---

[1]Rule 10 (Court of Appeals). - **(b) Memorandum Opinion.**  The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

In August of 1999, the court entered a consent order wherein the parties agreed that neither party would expose Colby to people using tobacco products or consuming alcohol nor to any relationship with any person not related by blood or marriage. Further, the parties agreed to joint custody, with Ms. Holmes being the primary custodian and Mr. Holmes being allowed reasonable and liberal visitation. Less than two weeks later, Mr. Holmes filed a petition for contempt, alleging that Ms. Holmes violated the visitation provisions of the consent order. The court, in turn, appointed a guardian ad litem, Mr. Jack Manhein, Jr. (Mr. Manhein), to represent and protect Colby's interests. Subsequently, Mr. Holmes filed a petition for temporary custody and for contempt against Ms. Holmes for violating the temporary restraining order and injunction and the visitation provisions of the consent order. The court denied Mr. Holmes' petition, but held the matter in abeyance until trial.

After a trial on the matter, the court declared the parties divorced and designated Mr. Holmes as the primary custodian of Colby during the school year and Ms. Holmes as the primary custodian during the summer months when regular school is not in session. Ms. Holmes appealed, alleging error with the trial court's award of custody to Mr. Holmes.

Because this matter was tried before the court sitting without a jury, our review of the trial court's findings of fact is *de novo* with a presumption of correctness, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d). As the issues regard questions of law, our review is *de novo* with no presumption of correctness. *See Bain v. Wells*, 936 S.W.2d 618, 622 (Tenn. 1997); Tenn. R. App. P. 13(d). Our *de novo* review is tempered by the fact that the trial court is in the best position to assess the credibility of the witnesses and such determinations are afforded great weight on appeal. *See Massengale v. Massengale*, 915 S.W.2d 818, 819 (Tenn. Ct. App. 1995). On issues regarding the credibility of witnesses, the trial court will not be reversed unless there is clear and convincing evidence to the contrary. *See Tennessee Valley Kaolin Corp. v. Perry*, 526 S.W.2d 488, 490 (Tenn. Ct. App. 1974).

The trial court has much discretion in its custody determinations because the court saw the witnesses' demeanor and heard their testimony. *See D v. K.*, 917 S.W.2d 682, 685 (Tenn. Ct. App. 1995); *Mimms v. Mimms*, 780 S.W.2d 739, 745 (Tenn. Ct. App. 1989); *Bah v. Bah*, 668 S.W.2d 663, 665 (Tenn. Ct. App. 1983). The court's main concern is the best interest of the child. *See Bah*, 668 S.W.2d at 665. Determining which custody arrangement is in the best interest of the child requires the court to consider many factors. Among those factors are

> the age, habits, mental and emotional make-up of the child and those parties competing for custody; the education and experience of those seeking to raise the child; their character and propensities as evidenced by their past conduct; the financial and physical circumstances available in the home of each party seeking custody and the special requirements of the child; the availability and extent of third-party support; the associations and influences to which the child is most likely to be exposed in the alternative afforded, both positive and negative; and where is the greater likelihood of an environment for the child of love, warmth, stability, support, consistency, care and concern, and physical and spiritual nurture.

*Id.* at 666; *see also* Tenn. Code Ann. § 36-6-106 (Supp. 2000).

In the instant matter, the court appointed a guardian ad litem, Mr. Manhein, to represent the interests of the parties' minor child, Colby. Mr. Manhein's five page report was introduced into evidence at the trial of this matter. In his report, Mr. Manhein stated that he spent many hours evaluating information conveyed to him regarding the issues of custody and visitation. Based upon this information, Mr. Manhein determined that, although joint custody is generally not in the best interest of the child, it was in Colby's best interest to be placed with Mr. Holmes during the school year and with Ms. Holmes during the summer months when Colby is not enrolled in school. After hearing all the evidence, the trial court awarded joint custody.

After a thorough review of the record, we cannot say that the evidence preponderates against the trial court's findings. Accordingly, we affirm the trial court's award of joint custody of Colby to Mr. Holmes during the school year and to Ms. Holmes during the summer when regular school is not in session. The costs of this appeal are taxed to the Appellant, Christy Lynn Holmes, and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE