IN THE COURT OF APPEALS
AT KNOXVILLE

GERALD A. OTTINGER,            )     COCKE CIRCUIT
                               )     C.A. NO. 03A01-9801-CV-00027
                               )
        Plaintiff-Appellee     )
                               )
vs.                            )
                               )     HON. BEN W. HOOPER, II
                               )     JUDGE
                               )
KIMBERLY S. OTTINGER,          )
                               )
        Defendant-Appellant    )     AFFIRMED AND REMANDED


J. RONNIE GREER, Greeneville, for Appellant.


CLYDE A. DUNN, Newport, for Appellee.



O P I N I O N


                                        McMurray, J.


    This is a child custody case in which both Gerald Ottinger
(father) and Kimberly Ottinger (mother) filed petitions for primary
residential custody of their daughter, Marlah Whitley Ottinger.
The trial court granted joint legal custody to the parties and
awarded primary residential custody to the father.    The mother

appeals, asserting that the court should have awarded her primary residential custody.  We affirm the judgment of the trial court.

The parties were divorced on December 13, 1995.  The parties' marital dissolution agreement, incorporated in the final judgment of divorce, provided that the parties would have joint custody to be shared equally between them.

This arrangement proved satisfactory until Marlah approached "school age."  On February 10, 1997, the mother filed a "motion to modify judgment," in which she asked the court "to modify its previous judgment herein by awarding to her the full and exclusive custody of the parties' minor child ... ."  The father responded with his own request for custody of Marlah.

The case was heard at a bench trial on July 22, 1997.  In its order disposing of the case, the trial court found the following:

> This is a most difficult decision to make because the application of the comparative fitness doctrine to the relevant factors set out in T.C.A. § 36-5-105, leaves the parties virtually dead even.  The parties [sic] assessment of each other shows only that they both have a great deal of respect for one another. Each party has an abundance of love, affection and emotional ties to the child.  Both parents are more than adequately disposed to provide their child with food, clothing, medical care, and education.  This is a case where the child's continuity with regard to the custody agreement must come to an

end.  There is no evidence of physical or emotional abuse or the preference of the child.  The evidence is equally balanced as to mental and physical health of the parties and the character and behavior of other people who associate with the child.  There is not sufficient evidence regarding the two school systems which are available for the child's education (or the difference in communities) upon which to base an informed decision. The remaining factors are the stability of the family unit, the home of the child, and the difference in communities.

*　　*　　*　　*

Overall and for some of those reasons set out in the preceding paragraph, the Court feels that the child's best interest will be served by being with the father. The court feels that the father's home and neighborhood will by far serve the best interest of the child when compared with the downtown home and neighborhood of the mother, which will most likely expose the child to associations and influences of a negative nature that will not be found in the rural setting. The father has been a little better in exposing the child to church and also seems to be better in handling his financial affairs than the mother.  These are certainly factors that can have a tremendous impact on a child while growing up. The father has already demonstrated the ability to attend to his daughter's needs and to provide her with a stable, nurturing home surrounded by her extended family.

The court made further findings of fact not quoted above, all of which are well-supported by the evidence in the record.

The mother presents the following issues on appeal, stated verbatim:

1.   Did the trial court err in basing his decision, at least in part, on facts not contained in the record and not heard by him at the trial of this cause?

2        Does the evidence preponderate against the trial
         court's denial of the petition of the mother,
         Kimberly S. Ottinger, for custody of the parties'
         minor child?

Regarding the first issue, the mother complains of the following finding of fact by the trial court: "[t]he record reflects that the mother has been in the bankruptcy court and presently works a regular job of 40 hours a week and a second job of 28 hours a week and will continue to work the second job until all her bills are paid up or caught up."  The mother correctly points out that the transcript reflects no testimony was presented to the court regarding the mother's involvement in bankruptcy court.  However, the record contains a "petition for contempt" filed by the mother, which contains the following paragraph:[1]

> The [father], Gerald A. Ottinger, has refused and neglected to obtain a release of the lien on the horse trailer awarded to the [mother] herein and has refused to deliver to the [mother] a clear title for the horse trailer.  The [father] has advised the [mother] that he is holding the title to the horse trailer in retaliation for the [mother's] having filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court for the Eastern District of Tennessee.

Thus, there is information in the record, provided by the mother, regarding the fact that the mother had filed a petition in bankruptcy court.

---

[1]The petition for contempt was subsequently voluntarily dismissed.

4

We are of the opinion, however, that the trial court was not justified in finding that the mother's downtown Greeneville residence and neighborhood "will most likely expose the child to associations and influences of a negative nature that will not be found in the rural setting." There was no evidence presented about the respective neighborhoods of the parties. Tenn. R. Evid. 201 permits the courts to take judicial notice of certain facts. In order to be judicially noticed, a fact must be generally known within the territorial jurisdiction of the court or must be capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. See Tenn. R. Evid. 201(b). Negative "associations and influences" regarding a certain geographic area, in the context of this case, are not proper subjects for judicial notice.

It is clear that the trial court considered many different relevant factors in arriving at its conclusions. We feel that the consideration of community comparisons is, at best, harmless error under the circumstances of this case. As has often been noted by this court, trial courts are vested with wide discretion in matters of child custody. Koch v. Koch, 874 S.W.2d 571, 575 (Tenn. App. 1993). The primary reason for this rule is that the trial courts, unlike the appellate courts, can observe and assess the demeanor and credibility of witnesses, a significant aid and advantage in

5

making findings of fact.  See Massengale v. Massengale, 915 S.W.2d 818 (Tenn. App. 1995).

We are of the opinion that the evidence does not preponderate against the trial court's judgment.  The judgment is affirmed in its entirety.  Costs on appeal are assessed to the appellant and this case is remanded to the trial court.

_____
Don T. McMurray, Judge

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Charles D. Susano, Jr., Judge

IN THE COURT OF APPEALS
AT KNOXVILLE


GERALD A. OTTINGER,               )     COCKE CIRCUIT
                                  )     C.A. NO. 03A01-9801-CV-00027
                                  )
        Plaintiff-Appellee        )
                                  )
vs.                               )
                                  )     HON. BEN W. HOOPER, II
                                  )     JUDGE
                                  )
KIMBERLY S. OTTINGER,             )
                                  )
        Defendant-Appellant  )          AFFIRMED AND REMANDED



**JUDGMENT**


     This appeal came on to be heard upon the record from the Circuit Court of Cocke County, briefs and argument of counsel. Upon consideration thereof, this Court is of opinion that there was no reversible error in the trial court.

     The judgment is affirmed in its entirety. Costs on appeal are assessed to the appellant and this case is remanded to the trial court.


                              PER CURIAM