IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 22, 2004 Session

### ROANE COUNTY v. WESTON TUCKER, ET AL.

**Appeal from the Chancery Court for Roane County**
**No. 14045     Frank V. Williams, III, Chancellor**

--------

**No. E2003-00446-COA-R3-CV  - FILED AUGUST 31, 2004**

--------

Weston Tucker and Mary Louise Tucker ("the defendants") subdivided and sold land in Roane County for residential use.  Roane County filed a declaratory judgment action against the defendants contending that the defendants "have failed to have a subdivision plat approved by the Regional Planning Commission" and that the new road/easement constructed by the defendant is unpaved and "approximately thirteen (13) feet wide", and "drainage has generated a complaint by a neighboring property owner."   Roane County asked the court to, among other things, declare that the land in question is subject to the Roane County Subdivision Regulations ("the regulations"); grant injunctive or other relief; enforce the regulations; and declare the rights and/or liabilities of each party under the regulations.  In their answer, the defendants contend that an official in the Roane County Zoning Office represented to them that the subdivision of land into parcels of more than 5 acres does not need approval from the Roane County Planning Commission ("the planning commission").  The trial court dismissed the case, finding, among other things, that Roane County's actions in attempting to prosecute the defendants civilly and criminally were "discriminatory, arbitrary and capricious."

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court
Reversed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., and D. MICHAEL SWINEY, J., joined.

Tom McFarland, Kingston, Tennessee, for the appellant, Roane County.

Jack H. McPherson, Jr., Kingston, Tennessee for the appellees, Weston Tucker and Mary Louise Tucker.

**OPINION**

I.

The following facts were established in the trial below. In 1995, the defendants purchased approximately 136 acres in Roane County, subdivided the land, and sold lots for residential use. The defendants subdivided the property into 28 lots of various sizes; built a private road to serve 24 of the lots; and added utilities, including telephone and electric service, to benefit each lot. Lots 1 through 4 are less than five acres in size and each of these lots abuts a public road. Lots 5 through 28 are each five acres or more in size and are served by the private road mentioned above.

The defendants prepared a subdivision plat; however, they failed to submit the plat to the planning commission for approval or register it with the Roane County Registrar's Office. Mr. Tucker testified that he did not submit the plat to the planning commission because Tammy Butler, the Roane County Zoning Officer at the time, told him "that if the lots were five acres or more, they didn't have to be submitted to the planning commission."

Kay Christopher, Ms. Butler's replacement, testified that, in 1997, she received a letter from an attorney whose client had voiced a complaint regarding the defendants' subdivision. The planning commission instructed Ms. Christopher to investigate and prepare a report on the complaint. Ms. Christopher found that a private road had been graded down the middle of the lots; that mobile homes had been moved onto the property; and that "for sale" signs were posted on some lots. Specifically, Ms. Christopher found that the defendants' subdivision violated zoning regulations because 24 of the lots did not "touch an existing county road". Ms. Christopher testified that "[i]f the parcels are over five acres and . . . abut an existing county road, that doesn't have to be approved by [the] planning commission."

Ms. Christopher sent a letter dated September 10, 1997 to Mr. Tucker, which stated that

> [i]t has been brought to my attention that you may [sic] in the process of subdividing property on Paint Rock Valley Road. For your information, I have enclosed a copy of the regulations regarding the subdividing of property.
>
> Please contact this office for information on the procedures you must follow to be in compliance with these regulations.

The regulations state, in pertinent part, that

> [t]here shall be no private streets platted in any subdivision. Every lot shall abut on a dedicated public street or public easement.[1]

Ms. Christopher testified that the defendants violated this provision of the regulations, which she contends controls how the county handles access to subdivisions. Mr. Tucker responded to the letter through his attorney.

Thomas R. Hamby, a Roane County road superintendent, described the road that Mr. Tucker built as "mostly a dirt road" that is "real narrow" with "some drainage problems on it that need to be corrected." Mr. Hamby and Brad Smith, an estimator with Tennessee Asphalt, both testified that it would cost over $200,000 in order to repair and improve the road to bring it into compliance with the regulations.

Ms. Christopher was cross examined regarding subdivisions approved by the planning commission that allegedly violate state laws or county regulations. The Daniels Estate subdivision plat contained nine lots that were at least 10 acres in size; however, the subdivision plat was not submitted to the planning commission for approval. Ms. Christopher explained that "[a]ccording to the state local planner, if the properties are over ten acres, [the plat does not] require planning commission approval." Ms. Christopher further explained that if the defendants had subdivided all of the lots to equal 10 acres in size or more, there would have been no violation of the regulations.

Ms. Christopher recognized, on cross examination, that the Daniels Estate subdivision restrictions state that "[a]ll lots in the subdivision shall be served by a private joint permanent easement" and that the lot owners in the Daniels Estate subdivision are to share in the cost of maintaining the easement. Ms. Christopher also acknowledged that, in the instant case, the defendants included provisions in each contract or deed that provided for (1) a private road and (2) maintenance and upkeep of the private road.

The secretary of the planning commission subsequently approved the plat for Cove View Estates, despite the fact that lot four did not abut a public roadway and was only accessible via a private easement. Ms. Christopher testified that the Cove View Estates plat was approved because the planning commission allowed the secretary to approve a plat if no more than two lots were located on a private easement.

The Trago property similarly received approval from the planning commission despite the fact that a portion of the property did not "front" a public roadway and was only accessible via a

---

[1]The planning commission subsequently met on November 28, 2001, and unanimously voted to make an exception to this regulation. The exception allowed the secretary to approve plats that allowed up to three lots on a private easement. Warren Coker, a member of the planning commission, testified that state law only allowed a private easement to serve two lots; as a result, the planning commission has only approved plats with up to two lots on private easements.

private easement. The Spurgeon subdivision plat was likewise approved by the planning commission even though the property was not located on a public road. Ms. Christopher testified that the plat was approved because the "twenty foot wide" easement satisfied applicable regulations.

The trial court made the following findings:

> The County Planning Commission has established a practice or procedure whereby subdivisions of properties served by permanent easements are approved or allowed without requiring adherence to County road or utility construction requirements. The Planning Commission has authorized the secretary of the Planning Commission to endorse and allow the recording of plats upon which no provision is made for compliance with such road and utility requirements.
>
> Having established such a practice, the County may not now attempt to attack the Tucker development for lack of compliance with such road and utility requirements. The actions of the Planning Commission in approving some subdivisions without requiring a roadway to be built to County specifications while attempting to impose County road standards on the Tucker subdivision is an inequitable and inconsistent application of law and amounts to a violation of state and federal constitutional prohibitions regarding equal protection of the laws.
>
> The action of the County in attempting to prosecute Weston Tucker either civilly or criminally for development of the property which is the subject of this lawsuit is discriminatory, arbitrary and capricious. The County ought to be enjoined from enforcing the zoning ordinance against Weston Tucker with regard to the property which is the subject of this suit.[2]

---

[2]Ruben Cash, a property owner who intervened in the present action, purchased lot nine in the defendants' subdivision in July, 2000. In December, 2002, Mr. Cash was granted a building permit. The building inspector subsequently determined that the building permit was issued in violation of state law because Mr. Cash's property was located in an illegal subdivision. As a result, the building permit was withdrawn. According to Mr. Cash, the denial of the building permit left him without electrical service. Mr. Cash testified that he was the only property owner in the defendants' subdivision that was left without electricity. The trial court found that

> [t]he plaintiff Roane County has discriminated against Ruben Cash in denying him a building permit which would allow him to obtain electrical service from Volunteer Electric Cooperative. Roane County ought to be mandatorily enjoined to issue a building permit which would be sufficient to enable the intervener Ruben Cash to obtain such electrical service.

Roane County did not appeal this ruling.

-4-

(Numbering in original removed).

## II.

Roane County presents the following issues for our review:

1. Whether the trial court erred in admitting hearsay evidence?

2. Whether the development of the defendants' is a subdivision under Tennessee Law and subject to local subdivision regulations and Tennessee statutes?

In this non-jury case, our standard of review is de novo upon the record of the proceedings below; however, the record comes to us with a presumption of correctness as to the trial court's factual determinations that we must honor unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995). Our review of questions of law is *de novo* with no such presumption of correctness attaching to the trial court's conclusions of law. *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn.1996). In applying our standard of review, we are mindful of the well-established principle that the trial court is in the best position to assess the credibility of the witnesses; accordingly, such determinations are entitled to great weight on appeal. *Massengale v. Massengale*, 915 S.W.2d 818, 819 (Tenn. Ct. App. 1995); *Bowman v. Bowman*, 836 S.W.2d 563, 567 (Tenn. Ct. App. 1991).

## III.

## A.

Roane County asserts that the trial court abused its discretion in admitting into evidence statements made by a representative of the Roane County Zoning office. Specifically, Roane County takes issue with the testimony of Mr. Tucker that Ms. Butler, the former Zoning Officer, represented to him "that if the lots were five acres or more, they didn't have to be submitted to the planning commission" for approval.

In Tennessee, decisions regarding the admissibility of evidence rest within the sound discretion of the trial court. *Otis v. Cambridge Mut. Fire Ins. Co.*, 850 S.W.2d 439, 442 (Tenn. 1992). Upon review of the trial court's decision to admit or exclude evidence, we recognize that "trial courts are generally accorded a wide degree of latitude and will only be overturned on appeal where there is a showing of abuse of discretion." *Id.* "The abuse of discretion standard requires us to consider: (1) whether the decision has a sufficient evidentiary foundation; (2) whether the trial court correctly identified and properly applied the appropriate legal principles; and (3) whether the decision is within the range of acceptable alternatives." *Crowe v. First Am. Nat'l Bank*, No. W2001-00800-COA-R3-CV, 2001 WL 1683710, at *9 (Tenn. Ct. App. W.S., filed Dec. 10, 2001) (citing *State ex rel. Vaughn v. Kaatrude*, 21 S.W.3d 244, 248 (Tenn. Ct. App. 2000)).

Roane County contends that the statements of Ms. Butler are inadmissible hearsay. Under Tenn. R. Evid. 801(c), "'[h]earsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Unless subject to an exception, "[h]earsay is not admissible." Tenn. R. Evid. 802. We agree with Roane County that Mr. Tucker's testimony with respect to the statement of Ms. Butler is hearsay because it was offered to prove the truth of her statement. Therefore, the statement is hearsay. However, our inquiry does not end there. If the alleged statement falls within a hearsay exception, it is admissible.

Under Tenn. R. Evid. 803(1.2)(A), "[a] statement offered against a party that is . . . the party's own statement in either an individual or a representative capacity" is not excluded as hearsay. At the time the alleged statement was made in this case, Ms. Butler was serving as the Zoning Officer for Roane County. Thus, the statement she allegedly made was in a "representative capacity" for Roane County. *See* Tenn. R. Evid. 803(1.2)(A). Therefore, Mr. Tucker's testimony is admissible as an exception to the hearsay rule. *See **id.***

B.

Roane County argues that the subject land meets the definition of a subdivision under Tenn. Code Ann. § 13-3-401(4)(B) because "the development consisted of some divisions of property less than five acres and the development required both new street and utility construction."

Under Tenn. Code Ann. § 13-3-401(4)(B) (1999),

> [s]ubdivision means, in all counties except those in subdivision (4)(A)[3], the division of a tract or parcel of land into two (2) or more lots, sites, or other divisions requiring new streets or utility construction, or any division of less than five (5) acres for the purpose, whether immediate or future, of sale or building development, and includes the resubdivision and, when appropriate to the context, relates to the process of resubdividing or to the land or area subdivided.

We agree that the land at issue in this case meets at least one of the definitions of a subdivision under Tenn. Code Ann. § 13-3-401(4)(B). Under the first definition, the defendant's property is a subdivision because the defendants subdivided their property into "two (2) or more lots" that "requir[e] new streets or utility construction". The defendant subdivided the 136 acres into 28 lots; built a private road that serves all but four lots; and added utilities, including telephone and electric service, to benefit all lots.

Because the land at issue is a subdivision, Roane County argues that, under Tenn. Code Ann. § 13-3-402(a) (1999), the defendants must have the subdivision plat approved by the planning commission and endorsed by the secretary of the planning commission before the plat may be

---

[3]Roane County is not one of the counties under Tenn. Code Ann. § 13-3-401(4)(A).

recorded by the county registrar's office. Furthermore, Roane County argues that the defendants are guilty of a criminal offense because they sold "lots in a subdivision without a duly approved and recorded plat". Under Tenn. Code Ann. § 13-3-410 (1999), it is a criminal offense for a developer to sell or agree to sell lots in a subdivision without an approved and recorded plat.[4] Roane County also points out that the defendants admit (1) that they failed to submit a subdivision plat to the planning commission for approval and (2) that they did not record the plat in the county registrar's office.

The defendants responded, arguing that

> [t]o attempt to impose these specifications against [them] is an inequitable and inconsistent application of the law. There is no reasonable basis for the discriminatory action of [Roane County] to enforce the county road specifications against [them] while not enforcing these specifications against the developers of other subdivisions.

Roane County disagrees, arguing that the planning commission "was denied the opportunity to act in any fashion in regard to the [defendants], discriminatory or otherwise" because the defendants "failed to submit the plat to the planning commission for any action at all."

We do not find that Roane County's actions in this case were discriminatory against the defendants. Our review of the record reveals that all but one of the owners of the other subdivisions complied with Tenn. Code Ann. § 13-3-402(a) in that they sought planning commission approval. During the approval process, the secretary chose not to enforce certain specifications against the developers of these subdivisions. In the case at bar, the defendants failed to comply with Tenn. Code Ann. § 13-3-402(a) because they admittedly failed to submit their subdivision plat to the planning commission. The defendants might well have benefitted from a waiver of certain specifications if they had submitted their subdivision plat. They cannot claim discriminatory treatment when they failed to avail themselves of the required process of commission review and approval.

Furthermore, the case involving the Daniels Estate subdivision is distinguishable because the owners subdivided all lots to equal 10 acres or more in size. *See* Tenn. Code Ann. § 13-3-401(4)(B) (a subdivision means "any division of less than five (5) acres"). As a result, the subdivision of land did not meet the second definition of a subdivision under Tenn Code Ann. § 13-3-401(4)(B).[5] Thus, the owners were not required to seek approval by the planning commission. In this case, the property at issue meets both definitions of a subdivision because the defendant subdivided the property into

_____

[4]Similarly, under Tenn Code Ann. § 13-3-402(c), it is a criminal offense for the register's office to record a subdivision plat that has not been approved by the planning commission.

[5]The record does not contain information regarding whether the Daniels Estate subdivision required "new streets or utility construction", which is part of the first definition of a subdivision under Tenn Code Ann. § 13-3-401(4)(B).

28 lots, four of which equal less than five acres in size; most of the lots required a new street; and all the lots required telephone and electric service.

Even though the defendants relied on Ms. Butler's statement that lots sized five acres or more did not have to be submitted to the planning commission for approval, they were still obligated to submit their plat for approval. Under Tenn. Code Ann. § 13-3-401(4)(B), a subdivision is defined, in pertinent part, as "the division of a tract or parcel of land into two (2) or more lots . . . requiring new streets *or* utility construction" *or* "any division of less than five (5) acres for the purpose, whether immediate or future, of sale". (Emphasis added). Here, the defendants meet at least one of the definitions because they divided the 136 acres into 28 lots, all of which required utility construction–i.e. electric and telephone service. *See* Tenn. Code Ann. § 13-3-401(4)(B). Furthermore, the second definition is met because four of the lots are less than five acres in size. *Id.*

IV.

The judgment of the trial court is reversed. Costs on appeal are taxed to the appellees, Weston Tucker and Mary Louise Tucker. This case is remanded for further proceedings consistent with this opinion

_____
CHARLES D. SUSANO, JR., JUDGE