IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
October 29, 2004 Session

## SANDRA CLAUDINE MORROW HOWARD v. MARK ANTHONY HOWARD

Direct Appeal from the Chancery Court for McMinn County
No. 20505    Hon. Jerri S. Bryant, Chancellor

No. E2003-002660-COA-R3-CV -  FILED JANUARY 21, 2005

The Trial Court's classification, evaluation and division of marital property was appealed by the husband.  We affirm the Judgment of the Trial Court.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Randy G. Rogers, Athens, Tennessee, for Appellant.

B. Prince Miller, Jr., Cleveland, Tennessee, for Appellee.

## OPINION

In this divorce action the Chancellor awarded primary residential supervision to the father of the party's child, classified and evaluated marital property, and ordered a division of the marital estate between the parties.  The husband has appealed, insisting there was not sufficient evidence for the Chancellor to identify certain guns and cattle for evaluation as marital assets, and that the Court erred in characterizing the entire one-third of the partnership interest of the defendant in the family business, known as Howard Brothers Lumber Company, as a marital asset.

The parties were married in 1987 and one child was born to their union.[1] At the time of their marriage the parties had few assets. The wife had an automobile and some personal items from a prior marriage, and the husband had a car and a truck and some household items.

The evidence establishes that the parties purchased a five acre tract of land soon after their marriage, and they also purchased a mobile home which was placed on the property which became their residence. Later, in 1998, they purchased a mobile home for $55,357.00, which was financed. Subsequently, the husband obtained a loan without the wife's consent, and mortgaged the real estate and mobile home. The parties separated in 2001, and their mobile home was destroyed by fire later in 2001 with a total loss of the home and its contents. Unknown to the wife, the husband had deleted her name from the insurance coverage, and collected the policy proceeds.

The issues raised by the husband are essentially factual. The facts as found by the Chancellor, come to us with a presumption of correctness of the Chancellor's finding, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d).

The Trial Court, in classifying marital property and its evaluations, relied to a great extent upon the wife's evidence. The issue of the credibility of the witnesses is within the province of the Trial Court, and we will not disturb the findings unless there is compelling evidence to the contrary. *See, Massengale v. Massengale*, 915 S.W.2d 818 (Tenn. Ct. App. 1995).

The Trial Court valued the husband's guns at $5,067.00, and credited that amount to the husband's share of the marital estate. The husband argues that he did have three guns, but that he had several of his sons and brother's guns in the home at the time he made out a list for insurance purposes, well before the divorce, and that the evidence does not support a finding that all the guns attributed to him were in existence at the time of the divorce.

The wife testified that when the parties were obtaining home owners' insurance, they had listed and itemized the guns, and she offered in evidence a copy of the insurance itemization of the guns and their value. She further testified that when she left the marital residence she inventoried the guns and introduced a handwritten list of the guns that were in the house when she left, which corresponded to most of the guns that were listed in the insurance evaluation. The evidence does not preponderate against the findings of the Chancellor on this issue. Tenn. R. App. P. 13(d).

The husband argues that the Court's finding of 32 head of cattle as marital property, which was valued at $10,566.00, is likewise not supported by the evidence. The husband testified that he did not own the cattle attributed to him, but he admitted that some members of his family from time to time had cattle on his property. The wife testified that the parties had owned cattle during the course of their marriage, and that she had counted 53 head of cattle on the property at the

---

[1]No issue is raised on appeal as to the care and custody of the child. It is noted that the Trial Court held an in camera interview with the child, which was inappropriate without the attorneys and a court reporter.

time of their separation, and that all of the cattle on the property had been sold shortly after their separation. The evidence does not preponderate against the findings of the Chancellor as to the number of cattle and the value of these cattle for purposes of establishing and dividing marital property.

Next, the husband insists the Court erred in characterizing the entire one-third of the partnership of the husband as marital property, and points out that he was a one-fourth owner of the family partnership at the time of the marriage, along with his two brothers and their father, and that the three brothers purchased the father's one-fourth interest after the marriage, which he argues gave the wife only a one-twelfth interest as marital property. The Trial Court found his third interest in the partnership was marital property, which he valued at $36,066.00, and he concluded that (using the Court's figures) the marital interest should have been $9,016.15, which would have been properly divided between the parties.

The Trial Court specifically found that the husband had a one-third partnership interest in the Howard Brothers Saw Mill, and that the equipment was appraised and the value stipulated to be $108,200.00, and that the husband's share was $36,066.00 in the equipment. The evidence establishes that the valuation by the Trial Court of the partnership equipment was based on equipment which was purchased in 2002, with trade-in of old equipment. The record also shows that assets of the husband from time to time were listed as a partnership asset. The wife called a certified public accountant as an expert, who testified that he reviewed the tax returns provided by the partnership, as well as the husband's personal income tax returns, and these documents do not reflect the actual cash the husband received from the partnership, nor the actual indebtedness of the partnership or the proper assets of the partnership. It was not disputed that the husband owned a one-third interest in the partnership established in 1996, and given the Court's finding as to the husband's credibility and the method in which the partnership operated over the years, i.e., listing some of the husband's and wife's assets as partnership property, and their jointly sharing in the profits, we cannot find that the Chancellor erred in classifying the husband's interest in the partnership as marital property. Tenn. R. App. P. 13(d).

We hold that the evidence does not preponderate against the valuation of the marital property as found by the Chancellor, and the division of marital property was equitable, as required by the statute.

Finally, the wife raises an issue as to the $2,500.00 reduction in the cash award of $30,000.92 to her, which was reduced on Motion of the husband. In her Order, the Trial Court said:

As to the insurance proceeds, the Court did charge the defendant with the $5,000.00 down payment and included this in the insurance proceeds. The Court then deducted $2,500.00 from the amount the defendant owes the plaintiff.

The wife argues that the Chancellor "made a mathematical error on the basis of the Motion", and that the initial Judgment should be reinstated. Assuming arguendo the wife's position

is correct, nevertheless, the settlement as finally approved by the Trial Court, is equitable and fair. It is the policy of the Courts not to "tweak" Judgments in domestic cases. *See, Eldridge v. Eldridge*, 42 S.W.3d 82 (Tenn. 2001). The wife's application for her legal fees for the appeal is denied.

The cost of the appeal is assessed to the defendant, Mark Anthony Howard, and the cause remanded.

 

_____
HERSCHEL PICKENS FRANKS, P.J.