IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 1, 2004 Session

**ANDREW J. MATTHEWS v. E. E. (EDDIE) MATTHEWS, ET AL.**

**Appeal from the Chancery Court for Rutherford County**
**No. 00MI-1242     Robert E. Corlew, III, Chancellor**

_____

**No. M2003-01159-COA-R3-CV - Filed April 7, 2005**

_____

This is an appeal from a declaratory judgment action. Crossroads Market, LLC, a grocery, was owned by two brothers whose differences escalated to a point that necessitated an action to dissolve the LLC. The trial court granted the petition to dissolve the LLC and ordered the LLC be sold at auction to the highest bidder. Appellant, one of the brothers, was the successful bidder; however, a dispute arose immediately following the auction concerning the liabilities of the LLC. The Appellant insisted that a certain $300,000 promissory note was not a liability of the LLC while his brother, the Appellee, the holder of the note, insisted it was. The court, finding that the LLC had identified the promissory note as a liability on its financial reports and tax returns from the inception of the LLC, ruled that the note was a liability of the LLC when it was purchased at auction by the Appellant. Appellant appealed. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**is Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Stephen C. Knight, Nader Baydoun and Winfield S. Rose, Nashville, Tennessee, for the appellant, E. E. (Eddie) Matthews and Crossroads Market, LLC.

Daryl Miller South, Murfreesboro, Tennessee, for the appellee, Andrew J. Matthews.

**OPINION**

The question on appeal is whether a $300,000 promissory note was a liability of Crossroads Market, LLC, when the LLC was purchased by Appellant E.E. (Eddie) Matthews, III at the court ordered sale.

The parties to this action are two estranged brothers, Andrew J. Matthews and Eddie Matthews. They were the owners of Crossroads Market, LLC prior to this action. The brothers acquired the market in 1996 as equal partners. They purchased the market and the real property upon which the market was located from their parents in exchange for a $300,000 promissory note secured by a deed of trust on the realty. Two years later, in October of 1998, the brothers decided to change the business organization from a partnership to a limited liability company. They formed Crossroads Market, LLC and immediately transferred all of the business assets to the LLC, including the encumbered realty which was transferred via a quitclaim deed signed by both brothers. However, there are no paper writings to confirm whether the $300,000 promissory note, which was and remains a personal obligation of the brothers,[1] was assigned to the LLC. Nevertheless, the LLC immediately began making all of the required payments on the $300,000 note, the LLC listed the note on its business and financial records as a liability of the LLC, the LLC has made every monthly installment payment owing on the note since its formation, and deducts all interest payments on the note as a business expense on the LLC's income tax returns.

In August 2000, Andrew Matthews filed a petition to dissolve the LLC. The court granted the petition to dissolve the LLC and, instead of liquidating the assets and liabilities, ordered a sale of the LLC by auction limiting the bidders to the two brothers. Eddie Matthews' bid of $312,500 was the highest bid, thus he purchased the LLC. The successful auction, however, did not resolve all issues between the brothers. It merely provided an opportunity for yet another dispute.

The new dispute arose when the parties submitted their proposed orders to confirm the sale of the LLC. The proposed order submitted by Andrew Matthews provided that the LLC's liabilities included the indebtedness owing on the promissory note while Eddie Matthews submitted an order which provided that the brothers, not the LLC, were each liable for one-half of the outstanding indebtedness owing on the note. The order submitted by Andrew Matthews was entered. It provided in pertinent part that, "The business entity known as Crossroads Market, LLC, is hereby sold to defendant E. E. Matthews III and all of the plaintiff's right, title, and interest in and to said LLC, being all of his 50% membership interest in and to said company, is hereby divested from plaintiff [Andrew Matthews] upon completed payment of the purchase price as indicated below [$312,500]." The order also provided that, "[T]he successful bidder, E.E. [Eddie] Matthews III, must continue to pay all obligations established by the parties during the time they jointly operated the venture known as Crossroad Market, LLC, which would include the total payment of the outstanding promissory note at issue." However, Eddie Matthews filed a motion to amend the order to delete all findings of fact and conclusions of law regarding the obligations of the LLC under any note, property mortgage or security deed related to the realty. He contended that the issue was not properly before the court. Following yet another hearing, the trial court granted Eddie Matthews' motion and set for

---

[1]Whether or not the LLC assumed the liability on the note does not relieve the brothers of their individual liability on the note because the holder of the note, originally the parents, has not released either brother from liability on the note. Thus, the question is whether the LLC is additionally liable on the note. The current holder of the note is the plaintiff, Andrew Matthews.

hearing the question of whether Crossroads Market, LLC, was obligated under the promissory note at issue.

Although a complaint for a declaratory judgment action was not filed, a declaratory judgment action ensued with the sole issue being whether the LLC was obligated under "an existing note secured by a property mortgage or security deed on the real property. . . ." At first Eddie Matthews objected to the declaratory judgment action but thereafter consented. Thus, with the consent of the parties, the court conducted an evidentiary hearing to determine whether the promissory note was a liability of the LLC. Following the hearing, the trial court concluded that the promissory note was a liability of Crossroads Market, LLC.

Eddie Matthews appealed and presents two issues. He asserts that the LLC did not assume the indebtedness owing on the $300,000 promissory note. He also asserts that if the court finds the LLC did assume the indebtedness, it would nevertheless be unenforceable pursuant to the statute of frauds, because there is no writing that evidences the LLC's assumption of the debt of another.

The trial court's findings of fact are reviewed *de novo* with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d). "Our search for the preponderance of the evidence is tempered by the principle that the trial court is in the best position to assess the credibility of the witnesses; accordingly, such credibility determinations are entitled to great weight on appeal." *Rice v. Rice*, 983 S.W.2d 680, 682 (Tenn. Ct. App. 1999) (citing *Massengale v. Massengale*, 915 S.W.2d 818, 819 (Tenn. Ct. App. 1995); *Bowman v. Bowman*, 836 S.W.2d 563, 567 (Tenn. Ct. App. 1991)). Questions of law are not entitled to Tenn. R. App. P. 13(d)'s presumption of correctness on appeal. We will review the legal issues *de novo* and reach our own independent conclusions regarding them. *King v. Pope*, 91 S.W.3d 314, 318 (Tenn. 2002).

We will discuss the statute of frauds defense first. Eddie Matthews contends that Tenn. Code Ann. § 29-2-101(a)(2), the statute of frauds, requires that we reverse the judgment of the trial court. We disagree for two reasons. One, Eddie Matthews did not affirmatively plead the statute of frauds as an affirmative defense as required by Tenn. R. Civ. P. 8.03, thus he waived the defense. Two, the statute of frauds is not applicable. The statute of frauds applies when one party is seeking to hold a third party liable for the debt of another. See Tenn. Code Ann. § 29-2-101(a)(2). The case at bar is not such an action. This was an action to dissolve a limited liability company. Had the LLC been liquidated upon dissolution, the assets and liabilities of the LLC would have been parceled out to the brothers and both brothers would have remained jointly and severally liable on the note, for neither has been released from liability by the holder of the note. However, instead of liquidating the LLC, the trial court, with the consent of the parties, afforded the brothers the opportunity to purchase the LLC at auction. The procedure employed by the court did not afford either party the opportunity to pick and choose which assets and liabilities he wished to purchase. Thus, the successful purchaser assumed not only the assets of the LLC but also the liabilities, all of the liabilities, whatever they were at the time of the auction.

Unfortunately, a dispute arose immediately following the auction concerning one of the purported liabilities of the LLC. The dispute was whether the promissory note was or was not a liability of the LLC when Eddie Matthews purchased the LLC at auction. The parties agreed to resolve this dispute via a declaratory judgment action. Following an evidentiary hearing, the trial court ruled that the note was a liability of the LLC when the LLC was sold at auction. The court made the following findings of fact relevant to this issue.

> [T]hroughout the operation of the market, whether as a partnership or as an LLC, obligations under the deed of trust have always been paid from the proceeds of the market. . . . [T]ax returns marked as trial Exhibits 7 and 8 further demonstrate this fact.
>
> The testimony of Andrew J. Matthews and Stephen Primm[2] was contrary to each other regarding any agreements reached at the time of the sale, but it was acknowledged that the discussions were confusing and Andrew J. Matthews firmly testified that he never agreed to anything other than full payment under the terms of the promissory note.
>
> The court finds there was no agreement reached between the parties on the day of sale.
>
> The course of dealings of the market while operating as a partnership and as an LLC demonstrate that the LLC continues to be liable for the full payment owed under the terms of the deed of trust.

While there is no written document transferring the indebtedness under the promissory note from the brothers individually to the LLC, the 1997 balance sheet of the partnership and the LLC tax returns from 1999 and 2000 list the promissory note as a liability of the LLC. Moreover, the evidence is uncontradicted that the LLC paid the monthly payment of $3,444.24 on the promissory note from the time the realty was transferred to the LLC "up until the last month or so" preceding the hearing. Betty Southerland, who had kept the books and prepared tax information for the market since 1994 and the LLC since its formation, testified that the tax returns for the LLC listed the outstanding indebtedness owing on the note and that this indebtedness had been treated as an obligation of the LLC since the LLC's formation.

Andrew Matthews contends that the testimony, particularly that of the bookkeeper Betty Southerland, and the financial records confirm the fact that the LLC assumed the indebtedness owing on the promissory note when it was conveyed the real estate that served as the collateral for the indebtedness. He further contends that the financial records and the surrounding circumstances are evidence of the existence of an implied contract to assume the indebtedness.

---

[2]Stephen Primm, a stockbroker, attended the auction on behalf of Eddie Matthews, who inexplicably did not attend the auction. No reason was given for Eddie Matthews' absence.

Contracts may be implied in fact or implied in law. *Thompson v. Hensley*, 136 S.W.3d 925, 930 (Tenn. Ct. App. 2003). Contracts implied in fact are those that arise under circumstances showing mutual intent or assent. *Givens v. Mullikin*, 75 S.W.3d 383, 407 (Tenn. 2002). The mutual intent or assent may be exemplified by the parties' conduct and the surrounding circumstances. *Thompson v. Hensley*, 136 S.W.3d at 930. The financial records and the circumstances appearing in the record serve as competent evidence that the LLC assented to assuming and did assume the indebtedness owing on the promissory note. Accordingly, we find that the evidence in the record does not preponderate against the finding by the trial court that the LLC assumed the indebtedness at issue.

The evidence in the record fully supports the trial court's findings of fact and the legal conclusion that the note was a liability of the LLC when Eddie Matthews purchased the assets and liabilities of the LLC at auction. We therefore affirm the judgment of the trial court and remand this matter for such proceedings as may be necessary. Costs of appeal are assessed against Appellant, E.E. (Eddie) Matthews, III.

_____
FRANK G. CLEMENT, JR., JUDGE