# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

## MELISSA JANE (NICHOLS) STEEN v. EVANS HARRINGTON STEEN

**General Sessions Court for Wilson County**
**No. 4099**

---

**No. M2000-00313-COA-R3-CV - Filed June 21, 2001**

---

### ORDER

The appellee has filed a Petition for Rehearing. After careful consideration, we deny the appellee's petition. Appellee bases his petition on his belief that this court's opinion is not supported by the facts of the case and that this court did not properly weigh the trial court's assessment of the witnesses' credibility. This court overturned the decision of the trial court, and held that the mother should have primary custody of the children.

The appellee argues that the parents had equal time with the children after the divorce in 1994 except for an eight-week period until the terms under the divorce decree were enforced in 1998. The evidence in the record shows that the children resided for a majority of the time with their mother. Although there was evidence that the father spent a great deal of time with the children, the majority of their sleeping and waking moments were spent in their mother's care. As we stated in our opinion, there is a presumption in favor of continuity of placement when all other factors are equal. *Placencia v. Placencia*, 3 S.W.3d 497 (Tenn. Ct. App. 1999). The evidence presented to the trial court showed all the factors to be equal. Therefore, primary custody should rest with the mother.

Appellee also argues that this court did not give proper deference to the trial court's assessment of witness credibility. The trial court did not discredit the testimony of any witnesses. In fact, the trial court found that one of the witnesses for the mother was especially credible.

For these reasons we deny the appellee's petition for rehearing.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.

_____
WILLIAM B. CAIN, JUDGE

_____
PATRICIA J. COTTRELL, JUDGE