IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
APRIL 22, 2008 Session

## JOEY CONNER v. CARMEN CONNER

**Appeal from the Chancery Court for Haywood County**
**No. 11718      George R. Ellis, Chancellor**

---

**No. W2007-01711-COA-R3-CV - Filed May 29, 2008**

---

This appeal arises from a post-divorce proceeding wherein the minor child's mother, contending that there had been a material change in circumstances, sought a change of custody. After several days of hearings, the trial court transferred custody from the father to the mother. We find that the trial court applied an incorrect legal standard and also find that the final hearing below was prematurely terminated. We therefore vacate and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded.**

WALTER C. KURTZ, SR. J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Jennifer Twyman King, Jackson, Tennessee, for the appellant, Joey Conner.

Felicia Corbin Johnson, Memphis, Tennessee, for the appellee, Carmen Conner.

**OPINION**

This appeal involves the custody of a minor child. The parties were granted a divorce in 1998, and custody of the child was awarded to the father. In July 2007, the mother sought to transfer custody from the father to herself. The trial court granted the mother's request. The father appeals arguing that the trial court committed both procedural and substantive errors that require reversal. More specifically, he contends that the trial court impermissibly changed custody without finding that there had been a material change in circumstances and additionally that the trial court ruled prematurely without allowing him an opportunity to present all of his proof. For the reasons stated herein, we vacate the decision of the trial court and remand for further proceedings.

# I. Background

The parties were divorced on September 10, 1998. They had one minor child, who was eleven years old at the time of the hearings that are at issue in this appeal. The final decree of divorce granted primary residential custody of the child to the father and allowed the mother weekend visitation.

The relationship between the parties was not smooth following their divorce as they continued to spar in court over custody, visitation, and enforcement of child support obligations. Meanwhile, the father remarried. The present round of litigation was initiated by the father in late 2004 when he sought to increase the mother's child support obligations but decrease her visitation. The mother countered by alleging a change in circumstances and seeking to transfer custody. The mother argued, among other things, that the father and his new wife had used excessive corporal punishment in disciplining the child.

Proof on the petitions filed by the parties was heard by the trial court on four separate days: August 22, 2006; November 27, 2006; May 8, 2007; and May 9, 2007. The court ruled orally on May 9, 2007. For reasons not apparent in the record, the decision of the court was not memorialized in an order until July 20, 2007. In pertinent part, that order states:

> 1. The Court is of the opinion that Respondent/Counter-Petitioner has not demonstrated a material change in circumstances to modify [] the existing Permanent Parenting Plan dated January 8, 2002; but the Court must consider the fact that the minor child . . . will turn twelve years old on July 2, 2007[,] and the Court must consider the child's preference to live with Respondent/Counter-Petitioner.[1]

> 2. When the Court considers that child's preference to primarily reside with her mother, the Court is of the opinion that custody should be modified and Respondent/Counter-Petitioner shall be the primary residential parent and Petitioner/Counter-Respondent shall be the alternative residential parent, and shall have the first and third weekends of each month, and residential time with the child during Christmas vacation, spring break, summer vacation[,] and holidays as specifically set forth in the Amended Permanent Parenting Plan Order filed simultaneously with this Order.

> 3. The Amended Permanent Parenting Plan shall begin when school ends for the 2006-2007 school year.

During the four days of testimony heard by the court below there was conflicting evidence adduced regarding the allegedly excessive disciplining of the child by the father. Likewise, there was conflicting proof from expert witnesses as to the parenting skills of the respective parties and

---

[1] At the hearing, the trial court commented that the child would turn twelve in July and in Tennessee "when a child gets that age, the courts generally follow what the child desires."

the effect the actions of the parents were having on the welfare and well-being of the child. The mother testified as to her change in circumstances: a move to Murfreesboro, Tennessee and an improved employment situation.

After the court changed custody of the child, the father did not seek a stay of the trial court's order. The child now lives with her mother in Murfreesboro and visits with her father, who continues to live in Brownsville, Tennessee just as he had prior to the order changing custody.

This is an admittedly brief overview of the proof presented, but it suffices for our purposes since, for the reasons set out below, this case must be returned to the trial court for additional proceedings.

## II. Standard of Review

"When the trial court has set forth its factual findings in the record, we will presume the correctness of these findings so long as the evidence does not preponderate against them." *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). We, however, do not accord the trial court's legal conclusions that same presumption. *See, e.g., Curtis v. Hill*, 215 S.W.3d 836, 839 (Tenn. Ct. App. 2006). The appellate court's review of these legal conclusions is conducted "under a pure de novo standard of review." *Southern Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

## III. Applicable Standard for Changing Custody

Decisions regarding child custody and visitation are among the most important matters addressed by our courts. *Steen v. Steen*, 61 S.W.3d 324, 327 (Tenn. Ct. App. 2001). Tennessee courts are statutorily authorized to modify custody arrangements as necessitated by intervening changes in circumstances. Tenn. Code Ann. § 36-6-101(a)(1). In altering an already existing custody arrangement, the legislature has determined as follows:

> If the issue before the court is a modification of the court's prior decree pertaining to custody, the petitioner must prove by a preponderance of the evidence a material change in circumstance. A material change of circumstance does not require a showing of a substantial risk of harm to the child. A material change of circumstance may include, but is not limited to, failures to adhere to the parenting plan or an order of custody and visitation or circumstances that make the parenting plan no longer in the best interest of the child.

Tenn. Code Ann. § 36-6-101(a)(2)(B).

In order to change an existing custody arrangement, the trial court must make two separate determinations. *Boyer v. Heimermann*, 238 S.W.3d 249, 255-60 (Tenn. Ct. App. 2007). First, the court must determine that there has been a material change in circumstances. Second, the court must conclude that changing the existing custody arrangement is in the child's best interests. *Id.* at 259-60;

*see Kendrick v. Shoemake*, 90 S.W.3d 566, 570 (Tenn. 2002); *Krupp v. Cunningham-Grogan*, No. M2005-01098-COA-R3-CV, 2006 WL 2505037, at *6 (Tenn. Ct. App. Aug. 29, 2006). Only if the trial court makes the threshold determination that there has been a material change in circumstances does it then proceed to consider the child's best interests. *Boyer*, 238 S.W.3d at 259.

As reflected in its decision, the trial court was of the opinion that the custodial preference of the eleven year old—who was soon to be twelve—was sufficient to warrant a change in custody. *See* Tenn. Code Ann. § 36-6-106(a)(7)(A) (custody determination may include reasonable preference of child age twelve or older). This Court has previously held that the stated preference of a child, standing alone, does not constitute a material change in circumstances. *Mulkey v. Mulkey*, No. E2004-00590-COA-R3-CV, 2004 WL 2412610, at *5 (Tenn. Ct. App. Oct. 28, 2004). However, the child's preference, coupled with other circumstances, may amount to a material change in circumstances.

## IV. Procedural Issues

In his appeal, the father also contends that the trial court erred significantly when it halted the proof at the close of the mother's direct examination, did not hear from the father, and then summarily rendered its decision. The record supports the father's contention as to the points that the mother was not cross-examined and that the father did not testify. At the close of the mother's direct examination, the trial court stated: "Okay. Let me see the attorneys back in the jury room." The transcript here reflects the following:

(In camera meeting with the court and attorneys for the parties.).[2]

The judge then returned to the courtroom, aborted the hearing, and immediately announced his ruling, which was later reflected in the written order quoted above. As the mother points out, no objection was made by the father to the procedure undertaken by the trial court. We are at a disadvantage because no record was made of the in camera meeting. The importance of counsel ensuring that a court reporter is present for all aspects of proceedings, including during in camera conferences, has been previously noted. *See Rutherford v. Rutherford*, 971 S.W.2d 955, 956 (Tenn. Ct. App. 1997) (holding that in chambers interviews with children must be held in the presence of court reporter); *see also State v. Schlegel*, W2000-02597-CCA-R3-CD, 2002 WL 1558640, at *5 (Tenn. Crim. App. Jan. 28, 2002) (criticizing fact that discussion between trial court and counsel was not recorded); *cf. State v. Hammons*, 737 S.W.2d 549, 551 (Tenn. Crim. App. 1987) (condemning unrecorded bench conferences).

This Court simply does not know what happened during the trial judge's conference with counsel. After the conference, the judge—without objection—rendered judgment. It would be apparent to any judge that, unless the father and his counsel had agreed, he could not change custody without first allowing for cross-examination of the mother and hearing testimony from the father. As a prior panel of this Court has held: "[There is nothing] more important than the custody of

---

[2] The court reporter was not invited to attend the conference.

children after a divorce. Such a determination requires a full, fair, and complete hearing."[3] *Price v. Price*, No. E1999-00102-COA-R10-CV, 2000 WL 704596, at *10 (Tenn. Ct. App. May 31, 2000). Perhaps the trial court was so sure that the preference of the child would control the case that it thought no further proof was necessary. The trial court did not explain why it terminated the hearing.

## V. Discussion

On appeal, the mother all but concedes that the trial court's findings do not support a change in custody, but she contends that the record supports finding a material change in circumstances and thus that we should nevertheless affirm. She points to evidence of disciplinary abuse by the father, evidence that the child was fearful of her father, evidence of the father's problems in managing anger, and finally evidence of her own positive change in circumstances.

The Court cannot affirm, however, as the hearing below was aborted and the proof incomplete. The Court is cognizant that no objection was made to the termination of the hearing, but in considering such important rights as those of cross-examination and testifying for oneself, this Court would have to be shown some affirmative indication in the record that those rights were waived before we could overlook their absence.[4]

The father, on the other hand, has requested that this Court reverse the trial court and reinstate the original permanent parenting plan, which had designated him as the primary residential parent. In light of the aborted hearing, we also decline to reverse the trial court's order. We believe that the decision below was premature in that the trial court had not yet heard the father's testimony and the cross-examination of the mother. Consequently, the trial court's order must be vacated and the case remanded for a further hearing wherein the trial court will consider all of the evidence and apply the legal standard on material change of circumstances set forth in *Boyer*. In light of the fact that the best interests of the child should dictate the resolution of any case, the child's physical custody shall remain with the mother pending the reconvening of the uncompleted hearing. The trial court should conduct the additional proceedings prior to August 1, 2008. The trial court is directed to issue its custody decision before the beginning of school in August 2008.

## VI. Conclusion

---

[3] It hardly needs citation that, in the adjudication of important interests, the right to conduct cross examination along with the right to present evidence is fundamental to due process. *See* 3 Ronald D. Rotunda & John E. Nowak, *Treatise on Constitutional Law: Substance and Procedure* § 17.8(a) (4th ed. 2008).

[4] While not objecting often constitutes a waiver, appellate courts relax this rule when fundamental constitutional rights are involved, there is no opportunity to object, or the courtroom's atmosphere makes objections difficult. *See* Neil P. Cohen, Sarah Y. Sheppeard & Donald F. Paine, *Tennessee Law of Evidence* § 1.03[4][b] (5th ed. 2005).

The decision below is vacated, and this case is remanded for further proceedings and disposition as indicated above. Costs of this appeal are taxed to the appellee, Ms. Carmen Conner, and her surety for which execution may issue if necessary.

_____
WALTER C. KURTZ, SENIOR JUDGE