IN THE COURT OF APPEALS OF TENNESSEE
AT MEMPHIS
FEBRUARY 23, 2010 Session

## SAMANTHA MACKUS KNIGHT v. JAMES DARRELL MACKUS

Direct Appeal from the Circuit Court for Shelby County
No. CT-004621-05     Karen R. Williams, Judge

No. W2009-01099-COA-R3-CV - Filed April 13, 2010

At the parties' divorce, Mother was named primary residential parent of their minor child and Father was allowed visitation. The parties continued living together for approximately one year following their divorce, and thereafter, they exercised alternating one-week visitation for approximately one year. Father petitioned to be named primary residential parent citing his increased visitation with the child as a material change in circumstances. The trial court denied his petition without making the findings required by Tennessee Code Annotated section 36-6-101(a)(2)(B)(i). We vacate the trial court's order denying Father's petition, and we remand to the trial court with instructions to make the necessary findings and then to render its decision accordingly.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Vacated and Remanded

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J. joined.

Bradley C. Ball, Memphis, Tennessee, for the appellant, James Darrell Mackus

T. Tarry Beasley, II, Memphis, Tennessee, for the appellee, Samantha Mackus Knight

## OPINION

### I. FACTS & PROCEDURAL HISTORY

Samantha Mackus Knight ("Mother") and James Darrell Mackus ("Father") were married on July 11, 2001, and divorced on February 22, 2006. A "Residential Parenting Schedule" was entered designating Mother as the primary residential parent of the parties' minor daughter. Father was allowed both holiday and alternate weekend visitation.

After their divorce, Mother and Father continued to live together until April 2007. Thereafter, for approximately one year, the parties exercised alternating one-week visitation. In August 2008, Father petitioned the court to be named the primary residential parent, alleging as a material change in circumstances, that "[s]ince [the parties'] separation in April 2007, Father has cared for the child at least 60 percent of the time."[1] Following a trial in the matter, the trial court denied Father's petition for modification, without stating whether a material change in circumstances had occurred, and it ordered visitation to resume as set out in the parenting plan with the exception of extended summer visitation for Father. Father appeals.

### II. ISSUES PRESENTED

Appellant has timely filed his notice of appeal and presents the following issues for review:

1.  Did the trial court err in not finding a material change in circumstances had occurred after the initial custody determination; and

2.  Did the trial court err in not finding that a modification of the parenting plan was in the child's best interests?

Additionally, Appellee presents the following issue:[2]

1.  Whether Appellee's appellate attorney fees should be assessed against Appellant.

---

[1] Father also petitioned the court for a finding of civil contempt against Mother, and Mother filed a counter-petition for contempt against Father. The trial court found both parties in contempt, and this finding is not challenged on appeal.

[2] Mother raises this argument in the "Conclusion" section of her brief.

# III.  DISCUSSION

"A custody decision, once final, is *res judicata* upon the facts in existence or reasonably foreseeable when the decision was made[.]" ***Scofield v. Scofield***, No. M2006-00350-COA-R3-CV, 2007 WL 624351, at *3 (Tenn. Ct. App. Feb. 28, 2007) (citing *Young v. Smith*, 246 S.W.2d 93, 95 (Tenn. 1952); *Steen v. Steen*, 61 S.W.3d 324, 327 (Tenn. Ct. App. 2001); *Solima v. Solima*, 7 S.W.3d 30, 32 (Tenn. Ct. App. 1998); *Long v. Long*, 488 S.W.2d 729, 731-32 (Tenn. Ct. App. 1972)).  However, because children's and parents' circumstances change, our courts are "empowered to alter custody arrangements when intervening circumstances require modifications."  ***Id.*** (citing Tenn. Code Ann. § 36-6-101(a)(1); *see Massengale v. Massengale*, 915 S.W.2d 818, 819 (Tenn. Ct. App. 1995)).

Modification of an existing custody or visitation arrangement involves a two-step analysis.  ***See Boyer v. Heimermann***, 238 S.W.3d 249, 255 (Tenn. Ct. App. 2007).  First, the parent attempting to modify the existing custody or visitation arrangement must prove that a material change in circumstances has occurred.  ***See Taylor v. McKinnie***, No. W2007-01468-COA-R3-JV, 2008 WL 2971767, at *3 (Tenn. Ct. App. Aug. 5, 2008) (citing *Kendrick v. Shoemake*, 90 S.W.3d 566, 570 (Tenn. 2002)).  "[N]ot all changes in the circumstances of the parties and the child warrant a change in custody." ***Cosner v. Cosner***, No. E2007-02031-COA-R3-CV, 2008 WL 3892024, at *4 (Tenn. Ct. App. Aug. 22, 2008). "There are no hard and fast rules for when there has been a change of circumstances sufficient to justify a change in custody."  ***Id.*** (citing *Cranston v. Combs*, 106 S.W.3d 641, 644 (Tenn. 2003)).  The decision turns on the facts of each case. ***Scofield***, 2007 WL 624351, at *4.  However, to determine whether a material change in circumstance has occurred, the court should consider whether: "(1) the change occurred after the entry of the order sought to be modified; (2) the changed circumstances were not reasonably anticipated when the underlying decree was entered, and (3) the change is one that affects the child's well-being in a meaningful way." ***Cosner***, 2008 WL 3892024, at *4 (citing *Cranston*, 106 S.W.3d at 644; *Kendrick*, 90 S.W.3d at 570; *Blair v. Badenhope*, 77 S.W.3d 137 (Tenn. 2002)).[3]  "The

---

[3]  Over the years, the Tennessee Supreme Court ha[d] consistently declined to review this court's decisions holding that the changed circumstances that will trigger a consideration of a change in custody must involve changes in the child's circumstances rather than in either or both of the parents' circumstances. *Steen v. Steen*, 61 S.W.3d at 327; *Hoalcraft v. Smithson*, 19 S.W.3d [822,] 829 [Tenn. Ct. App. 1999].  The Court has now decided that a change in either parent's circumstances can also trigger a change of custody if the change "affects the child's well-being."  *Kendrick v. Shoemake*, 90 S.W.3d at 570.  While a change in the custodial parent's circumstances necessarily affects the child, a change in the noncustodial

(continued...)

presence of the word 'material' indicates that the change must be significant." ***Patterson v. Patterson***, No. W1999-01544-COA-R3-CV, 2000 WL 33774558, at \*3 (citing Black's Law Dictionary 991 (7th ed. 1999)). "If the person seeking the change of custody cannot demonstrate that the child's circumstances have changed in some material way, the trial court should not re-examine the comparative fitness of the parents, *Caudill v. Foley*, 21 S.W.3d 203, 213 (Tenn. Ct. App. 1999), or engage in a 'best interests of the child' analysis. Rather, in the absence of proof of a material change in the child's circumstances, the trial court should simply decline to change custody." ***Oliver v. Oliver***, No. M2002-02880-COA-R3-CV, 2004 WL 892536, at \*3 (Tenn. Ct. App. Apr. 26, 2004) (citing *Hoalcraft v. Smithson*, 19 S.W.3d 822, 828 (Tenn. Ct. App. 1999)).

On appeal, Father argues that a material change in circumstances has occurred since the entry of the parenting plan, warranting a custody modification. Essentially, Father contends that when the parenting plan was entered, the parties anticipated that Mother and Father would reside separately, and that the child would reside primarily with Mother. However, Mother and Father lived together with the child for more than one year following their divorce, and, according to Father, for approximately one year after the divorced parties ceased residing together, the child resided with him sixty percent of the time.

Tennessee Code Annotated section 36-6-101(a)(2)(B)(i) provides that when a petition for custody modification is contested, "the court *shall* make such a finding as to the reason and the facts that constitute the basis for the custody determination." (emphasis added). In this case, the trial court merely denied Father's modification petition without stating whether he had failed to show a material change in circumstances or whether, having proven such, he failed to show that a custody modification was in the best interest of the child. Because the trial court failed to comply with the statutory requirements, we vacate its order denying Father's petition, and we remand to the trial court with instructions to make the necessary findings and then to render its decision accordingly.

---

[3](...continued)
> parent's circumstances may not. Because the court did not explicitly limit
> *Kendrick v. Shoemake* to changes in the custodial parent's circumstances,
> we must presume that the court now envisions that changes in a
> noncustodial parent's circumstances can justify a change of custody if the
> non-custodial parent can demonstrate that the change in his or her
> circumstances somehow affects the child.

***Olive v. Oliver***, No. M2002-02880-COA-R3-CV, 2004 WL 892536, at \*3 n.3 (Tenn. Ct. App. Apr. 26, 2004).

## V. CONCLUSION

For the aforementioned reasons, we vacate the trial court's order denying Father's petition, and we remand to the trial court with instructions to make the findings required by Tennessee Code Annotated section 36-6-101(a)(2)(B)(i), and then to render its decision accordingly. Costs of this appeal are taxed equally to Appellant, James Darrell Mackus, and his surety, and Appellee, Samantha Mackus Knight, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.